# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-cr-00235 |
| JAMES BUTLER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is James Butler's Motion for Compassionate Release, (Doc. No. 43), to which the Government has responded and Mr. Butler has replied, (Doc. Nos. 47 and 49). He has satisfied the exhaustion requirement by filing a request with the Warden of FCI Forrest City Low more than 30 days ago on May 7, 2020. United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020)

Mr. Butler has served approximately 30 months of a 96-month sentence for possessing crack cocaine with intent to distribute and being a felon in possession of a firearm. He seeks compassionate release because of his high blood pressure and Type II diabetes that he says may render him unable to care for himself if he is infecte4d with COVID-19 or protect himself from COVID-19. (Doc. No. 43 at 9). The government concedes that he has "ostensibly identified a recognized CDC risk factor from which he suffers, Type 2 diabetes," and relies on the 18 U.S.C. § 3553(a) factors to oppose his release. (Doc. No. 47 at 1).

The Court has authority to grant compassionate release for "extraordinary and compelling reasons," after "considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable." 28 U.S.C. § 3582(c)(1)(A). Mr. Butler seeks relief because he has a "serious" medical

condition which is an extraordinary reason when it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 Application Note 1(A)(ii).

Here, the evidence before the Court is insufficient to entitle MR. Butler to relief. Mr. Butler's high blood pressure and diabetes are controlled through medication that lessens his risk if he tests positive for COVID-19. See For people with diabetes and COVID-19, blood sugar control is key, SCIENCE DAILY (May 1, 2020), sciencedaily.com/releases/2020/05/200501120102.htm; COVID-19 and diabetes, INT'L DIABETES FED'N, https://www.idf.org/aboutdiabetes/what-is-diabetes/covid-19-and-diabetes/1-covid-19-and-diabetes.html (updated June 24, 2020). Mr. Butler is prescribed three daily medications that control his high blood pressure, as recently as January 2020. (Doc. No. 46 at 46–47, 123–24, 169–70). His diabetes was controlled within two weeks of starting his medication. (Id. at 143, 151). It appears that both Mr. Butler's high blood pressure and diabetes are controlled, at least when he chooses to take his medications as directed.[1] There is no medical evidence that Mr. Butler is positive for COVID-19. Critically, there is no medical evidence that he is currently unable to care for himself.

The Court notes that Mr. Butler is incarcerated Forrest City Low, a facility that has been described as a COVID-19 "hotspot" by the BOP Director and where 679 inmates have tested positive out of the 1727 inmates tested. However, as of July 6, 2020, 27 inmates and one staff member have the disease, and others who tested positive have recovered. See COVID-19 Inmate Test Information, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited

---

[1] Sometime this spring, he stopped taking his high blood pressure medication and his blood pressure tested at 185/22 on June 8, 2020. A nurse practitioner directed he resume taking the medications. (Doc. No. 46 at 38).

2

July 6, 2020). The number of positive COVID-19 cases at Forrest City Low does not create an extraordinary and compelling reason for relief.

Mr. Butler also seeks compassionate release based on "other reasons" under Application Note 1(D). (Doc. No. 43 at 12–14). As courts across the country grapple with the extent of a district court's authority to decide on its own what those "other reasons" might be, it is unnecessary for the Court to enter the fray here.[2] Under Note 1(D) Mr. Butler's health condition and risk to test positive to COVID-19 or to contract serious complications from COVID-19, even in his present facility, do not justify release. See United States v. Harper, No. 7:18-CR-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (applying these factors under Note 1(D)).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As originally stated in the Policy Statement, which has not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, "other reasons" are "determined by the Director of the Bureau of Prison. U.S.S.G. § 1B1.13 Application Note 1(D).